WILLIAM O. SUNDET, APPELLANT, v. OLIN MATHIESON CHEMICAL CORPORATION, APPELLEE.

139 N. W. 2d 368

Filed January 14, 1966. No. 36041.

Haney, Walsh & Wall, for appellant.

Cassem, Tierney, Adams & Henatsch and Charles F. Gotch, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

While plaintiff was firing his rifle which contained in its chamber a cartridge allegedly manufactured by defendant, an explosion of the rifle injured him. This action for breach of warranty was dismissed by the district court on motion of defendant at the close of plaintiff's evidence-in-chief. We affirm the judgment on the ground of insufficient evidence that any defective condition of the cartridge existed at the time the cartridge case left defendant's control.

Shortly before the accident plaintiff purchased from a retailer twenty .264-caliber cartridges in an unsealed box. Both the box and the rims of the cartridge cases

indicated manufacture by defendant. The explosion occurred on April 21, 1961, while the first cartridge was being used.

Plaintiff may have purchased cartridges with cases which someone else had reloaded. There were grayish discolorations on several cases and plier or vise marks on two bullets. Plaintiff, who repaired firearms and sold equipment for reloading cartridge cases, testified that in the reloading process the neck of a case is crimped against a bullet. Defendant manufactured a product for the box on September 8, 1960, but it knew neither the date of shipment nor the place of delivery. The retailer did not testify. The condition of the product at the time it left defendant's control or the treatment which the product received up to the time of purchase by plaintiff is unknown.

If there was a defect in the cartridge, the defect must be found from these facts and a stipulation excluding the parts and assembly of plaintiff's rifle from the legal cause of injury; but it is unnecessary for us to consider the sufficiency of the evidence on this point.

In a products liability case against a manufacturer the plaintiff must show that the offending condition existed when the product left defendant's control. See, Tegler v. Farmers Union Gas & Oil Co., 124 Neb. 336, 246 N. W. 721; 2 Harper and James, Torts, §§ 28.22, 28.33, pp. 1584, 1605.

We find no basis for a reasonable inference that defendant manufactured these cartridges. The unsealed box contained earmarks of reloaded cases, and without additional evidence a trier of the facts cannot infer reasonably that defendant was in the business of reloading spent cases. Even if we assume that plaintiff purchased cartridges with unused cases, a reasonable conclusion cannot be drawn that any defect at the time of the retail sale represented a preexistent condition of defendant's making. The evidence is insufficient to carry the issue

of warranty to a jury, and the district court correctly dismissed the action.

The judgment is affirmed.

AFFIRMED.